**7:25-cv-02905-TMC-KFM**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

JESSICA BENNETT,
Plaintiff,

v. C/A No. **7:25-cv-02905-TMC-KFM**

SANTANDER CONSUMER USA INC.,
Defendant.

**PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff Jessica Bennett, proceeding pro se, respectfully submits the following Objections to the Magistrate Judge's Report and Recommendation ("R&R") entered on May 19, 2026.

## I. PROCEDURAL FRAMEWORK AND STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the District Judge must conduct a de novo review of those portions of the Report and Recommendation to which specific objections are made.

Importantly, this Court previously declined to adopt the initial Report and Recommendation and recommitted this matter on April 9, 2026, for consideration of Plaintiff's updated filings and supplemental materials. Plaintiff respectfully submits that the renewed R&R substantially reiterates the same frivolousness conclusions previously presented despite the District Judge's prior recommittal order directing further review of the record.

At the screening stage, the Court's inquiry is limited to determining whether Plaintiff has plausibly alleged claims for relief under federal law. The Court must construe pro se pleadings liberally and accept factual allegations as true. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## II. SPECIFIC OBJECTIONS

### OBJECTION I
**THE REPORT IMPROPERLY RESOLVES DISPUTED FACTUAL ISSUES AT THE SCREENING STAGE**

Plaintiff respectfully objects because the R&R repeatedly resolves disputed factual and legal issues against Plaintiff before service of process, discovery, evidentiary development, or adversarial briefing.

Defendant Santander has not been served, has not appeared, and has not asserted any affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c). Nevertheless, the R&R independently concludes that:

- Santander's debt validation responses were legally sufficient;

- Santander's investigations were reasonable;

- Santander's credit reporting conduct complied with the FCRA;

- and Santander's disclosures satisfied TILA requirements.

These conclusions extend beyond the limited scope of screening review and effectively resolve the merits of disputed claims prior to adversarial litigation.

For example, Plaintiff attached debt validation correspondence and related exhibits because Plaintiff disputes the adequacy and legality of Defendant's responses under the FDCPA. However, the R&R independently evaluated those documents and concluded that Defendant complied with federal law despite the absence of discovery, testimony, evidentiary submissions, or Rule 12 motion practice.

Similarly, the R&R concludes that Defendant's investigation activities were "reasonable" under the FCRA. However, the reasonableness of a furnisher's investigation is generally a fact-intensive inquiry ordinarily addressed after evidentiary development, not at the screening stage prior to service of process.

Plaintiff respectfully submits that the Court improperly credited Defendant's out-of-court correspondence and conduct over Plaintiff's allegations before the adversarial process had even begun.

## OBJECTION II
## THE REPORT DOES NOT FULLY ADDRESS THE SUBSTANTIVE FEDERAL STATUTORY CLAIMS ASSERTED IN THE COMPLAINT

Plaintiff further objects because the R&R focuses extensively upon isolated terminology and stylistic concerns while insufficiently analyzing the substantive statutory claims asserted under federal consumer protection laws.

The operative Complaint expressly asserts claims under:

- the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692g;

- the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2; and

- the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601.

Plaintiff specifically alleged:

- failures concerning debt verification;

- inaccurate furnishing of information to credit bureaus;

- failures to correct disputed reporting;

- and failures relating to lending disclosures and finance charges.

Rather than primarily analyzing whether these allegations plausibly state claims under the applicable statutes, the R&R repeatedly characterizes the filings as frivolous based upon terminology the Court may find as unconventional.

Plaintiff respectfully submits that even assuming portions of the filings contained unconventional language, the Court improperly conflated those phrases with Plaintiff's independently asserted federal statutory claims.

The existence of disputed or unconventional terminology should not automatically eclipse otherwise recognizable statutory causes of action enacted by Congress.

**OBJECTION III**
**THE REPORT MISAPPLIES THE STANDARD GOVERNING PRO SE PLEADINGS**

Plaintiff respectfully objects because the R&R does not fully apply the liberal construction standard required for self-represented litigants.

The Supreme Court has repeatedly instructed that pro se pleadings must be held to less stringent standards than formal pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89 (2007).

However, the R&R repeatedly construes Plaintiff's filings in the light most unfavorable to Plaintiff by emphasizing isolated phrases and formatting concerns rather than evaluating whether Plaintiff plausibly alleged statutory violations under federal law.

Even where a self-represented litigant utilizes imperfect phrasing or unconventional terminology, courts generally address the substance of the claims asserted rather than permanently dismissing the action with prejudice before service of process and adversarial litigation.

Plaintiff respectfully submits that the extraordinary remedy of dismissal with prejudice is unwarranted at this procedural stage.

## OBJECTION IV
### THE REPORT IMPROPERLY RECOMMENDS DISMISSAL WITH PREJUDICE PRIOR TO ADVERSARIAL LITIGATION

Plaintiff further objects to the recommendation that this matter be dismissed with prejudice and without leave to amend.

No Defendant has appeared in this action. No discovery has occurred. No evidentiary hearing has been conducted. No Rule 12 motion has been filed. Yet the R&R effectively reaches merits-based determinations ordinarily reserved for adversarial litigation and evidentiary development.

Importantly, the District Judge previously recommitted this matter for further review rather than adopting the original recommendation of dismissal.

Under these circumstances, Plaintiff respectfully submits that dismissal with prejudice prior to service of process is an unduly harsh remedy, particularly where Plaintiff is proceeding pro se and has consistently attempted to supplement and clarify the allegations asserted.

At minimum, Plaintiff respectfully submits that leave to amend should be permitted before permanently barring Plaintiff's claims and denying due process.

## OBJECTION V
### THE RENEWED CHARACTERIZATION OF THE ACTION AS "FRIVOLOUS" DOES NOT ADEQUATELY ACCOUNT FOR THE DISTRICT JUDGE'S PRIOR RECOMMITTAL ORDER

Plaintiff respectfully objects to the renewed characterization of the action as frivolous because the District Judge previously declined to adopt the original Report and Recommendation and recommitted the matter for additional review.

The renewed R&R substantially reiterates the same conclusions previously presented while continuing to characterize the action through the lens of sovereign-citizen or redemptionist terminology rather than focusing primarily upon the independently asserted statutory consumer protection claims.

Plaintiff respectfully submits that federal statutory claims under the FDCPA, FCRA, and TILA should be evaluated on their substantive allegations and procedural sufficiency, not solely on isolated terminology contained within portions of a pro se filing.

7:25-cv-02905-TMC-KFM

## III. CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Honorable Chief District Judge Timothy M. Cain:

1. Reject the Report and Recommendation;

2. Find that Plaintiff has sufficiently alleged plausible claims under the FDCPA, FCRA, and TILA to proceed beyond screening;

3. Permit issuance and service of process upon Defendant Santander Consumer USA Inc.; or alternatively,

4. Grant Plaintiff leave to amend the Complaint to address any deficiencies identified by the Court.

Respectfully submitted,

*Jessica Bennett Sanders El*

Jessica Bennett Sanders El
Plaintiff, Pro Se

212 Bennett Dairy Road
Spartanburg, South Carolina 29307

Dated: 5/27/26