**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**SPARTANBURG DIVISION**

| | |
|---|---|
| Jessica Bennett,<br><br>Plaintiff,<br><br>vs.<br><br>Santander Consumer USA Inc.,<br><br>Defendant. | Civil Action No. 7:25-cv-2905-TMC<br><br>**ORDER** |

On April 7, 2025, Plaintiff Jessica Bennett, a *pro se* litigant, filed a complaint against Defendant asserting claims under the Federal Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA"), and the Truth in Lending Act ("TILA"). (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. In his initial Report and Recommendation ("R & R 1"), the magistrate judge, noting a federal court's inherent authority to review a *pro se* complaint to ensure that subject matter jurisdiction exists and that a case is not frivolous, recommended summary dismissal of this action. (ECF No. 15). Plaintiff filed objections to R & R - 1 and submitted documentation and information not before the magistrate judge at the time of his initial review. (ECF No. 18 and attached exhibits). Rather than dismiss the action, the Court, in view of Plaintiff's *pro se* status and out of an abundance of caution, declined to adopt R & R - 1 and recommitted this matter to the magistrate judge for further consideration of subject matter jurisdiction and frivolousness in light of the additional documents and information Plaintiff had failed to present to the magistrate judge previously. (ECF No. 21).

The magistrate judge subsequently considered Plaintiff's additional documents and information and issued the Report and Recommendation ("the Report") currently before the Court, recommending the Court dismiss this action with prejudice, without leave to amend, and without issuance and service of process. (ECF No. 27 at 11).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Plaintiff filed objections to the Report. (ECF No. 29). The Court has conducted a *de novo* review of the Report in its entirety and carefully considered each of Plaintiff's objections. The Court agrees with the conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report. Accordingly, the Court **ADOPTS** the Report, (ECF No. 27), incorporating it as if set forth fully herein, and overrules Plaintiff's objections. This action is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Senior United States District Judge

October 28, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.